UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
ERNEST BELL,                        :
                                    :   Civil Action No. 12-7774 (RMB)
         Petitioner,                :
                                    :
    v.                              :   **OPINION**
                                    :
CHRISTOPHER HOLMES, et al.,         :
                                    :
         Respondents.               :
_____ :

**BUMB, District Judge:**

This matter comes before the Court upon Petitioner's application seeking a writ of habeas corpus pursuant to § 2254, see Docket Entry No. 1, and Respondents' answer opposing the same.[1] See Docket Entry No. 8. For the reasons detailed below, Petitioner's application will be denied, and no certificate of appealability will issue.[2]

---

[1] Petitioner was duly notified of his rights under Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), and allowed an opportunity to traverse. See Docket Entries Nos. 2 and 3. Being served with Respondents' answer, see Docket Entry No. 8-48, he elected not to reply. See generally, Docket.

[2] While the offense underlying Petitioner's conviction is of no immediate effect for the purposes of the analysis at hand, a brief summary of the underlying events appears warranted. On June 16, 2004, Petitioner and his co-defendant decided to order a food delivery in order to rob the delivery man. Petitioner had a pistol. When the delivery man arrived, Petitioner's co-defendant got the pistol from Petitioner, pointed it at the delivery man and pulled the Trigger, killing the delivery man. Three monthS later, i.e., on September 24, 2004, Petitioner pled guilty to aggravated manslaughter and robbery. Under his plea agreement, he was sentenced to two concurrently running terms.

Petitioner's judgment of conviction was entered by the Law Division on January 26, 2005. See Docket Entry No. 8-8. The Appellate Division affirmed the conviction but remanded for re-sentencing under then-recent state court decision, State v. Natale, 184 N.J. 458 (2005), later affirming Petitioner's term as re-sentenced. See Docket Entries Nos. 8-14 and 8-20. The New Jersey Supreme Court denied certification on April 2, 2009.[3] See New Jersey v. Bell, 199 N.J. 131 (2009).

Petitioner filed his application for post-conviction relief ("PCR") on June 8, 2009; the Law Division denied it on March 12, 2010. See Docket Entries Nos. 8-25. On September 30, 2010, he filed a notice with the Appellate Division, seeking appellate review nunc pro tunc. See Docket Entry No. 8-37. The Appellate Division granted that nunc pro tunc application on October 12, 2010, see id., and, on October 5, 2011, affirmed the ruling below. See Docket Entry No. 8-40. On December 7, 2012, Petitioner filed an application for certification with the New Jersey Supreme Court; it was denied as filed out of time. See Docket Entries Nos. 8-41 and 8-42.[4] Then, on January 19, 2012, he re-filed his an application for certification with the Supreme

---

[3] Respondents' brief incorrectly cites the order issued by the Supreme Court of New Jersey on May 9, 2012. See Docket Entry No. 8, at 30 (citing Docket Entry No. 8-46).

[4] Respondents' brief incorrectly cites the docket entry numbers of these two documents.

2

Court of New Jersey, this time seeking the same nunc pro tunc. See Docket Entry No. 8-43. That nunc pro tunc application was granted on March 1, 2012; on May 9, 2012, the New Jersey Supreme Court denied certification. See Docket Entries Nos. 8-44 and 8-46; see also State v. Bell, 210 N.J. 218 (2012). The Petition at bar arrived eight and a half months later, being dated as of December 22, 2012.[5] See Docket Entry No. 1, at 11.

tHE Anti-Terrorism and Effective Death Penalty Act ("AEDPA") provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody

---

[5] "Pursuant to the federal prisoner mailbox rule, a document is deemed filed on the date it is given to prison officials for mailing. However, in order to benefit from this rule, the inmate is required to make a declaration that sets forth the date of deposit and that first-class postage has been prepaid. [Where a litigant] failed to comply with these prerequisites, he is not entitled to benefit from this rule." Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (citations and internal quotation marks omitted). Petitioner did not make the requisite declaration. However, out of an abundance of caution, the Court presumes, without making a factual finding, that Petitioner handed his Petition to his prison officials for mailing to this Court at least on the day *preceding* the alleged execution of his Petition and, potentially, as early as on November 29, 2012. This presumption is based on the fact that the Clerk received the Petition on December 21, 2012. See Docket Entry No. 1. Since a finding that the Clerk received the Petition a day before Petitioner executed would defy logic, the Court notes its substantial concern with Petitioner's dishonesty. The Court also notes that Petitioner, who applied for in forma pauperis status (even though he prepaid his $5 filing fee), filed his account certification and account statement (showing $1,053 balance) issued on November 29, 2012. See Docket Entry No. 1, at 19-20, and Docket Entry dated January 4, 2013. Thus, it appears that Petitioner handed his Petition to his prison officials on some day between November 29 and December 21, 2012.

3

pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period starts to run from "the date on which the judgment became final." 28 U.S.C. § 2244(d)(1). A state-court criminal judgment becomes "final" upon conclusion of direct review or at the expiration of time to seek such review, including the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Gonzalez v. Thaler, 132 S. Ct. 641, 653-54 (2012); Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999). At this point on, the AEDPA period starts running and expires one year later unless it is tolled either statutorily (by a collateral application properly filed and duly pending in the state court) or equitably.

For the purposes of calculating a litigant's statutory tolling, the word "pending" and the phrase "properly filed" are terms of art having a technical meaning qualitatively different from that a layperson may perceive reflecting solely on the dates when the first document is mailed to the trial court and when the highest court issues its ruling. See Jenkins, 705 F.3d 80. Under the regime detailed in Artuz v. Bennett 531 U.S. 4, 8-9 (2000), and elaborated upon in Evans v. Chavis, 546 U.S. 189 (2006), the statutory tolling does not apply: (1) starting from the point in time when, under the state law, an inmate's time to appeal the denial of PCR expires and until his application to file such

4

appeal out of time is granted (as well as starting from the point in time when, under the state law, an inmate's time to seek certification as to the appellate affirmance expires and until his application for leave to seek certification out of time is granted), see Jenkins, 705 F.3d at 86-88 and nn. 6 and 8; and, in addition, (2) the periods of time when these appellate filings remain not perfected under the state law. See id. at 88, n. 11 ("[W]e note that [the inmate's PCR submission] was not properly filed [within the meaning of Artuz] until he perfected it").[6]

Since the record before this Court does not allow a determination of when Petitioner's appellate filings were perfected, the Court presumes, without making a factual finding, that all Petitioner's PCR submissions were duly perfected at the time Petitioner obtained leaves to file them nunc pro tunc. Here Petitioner obtained leave to file his PCR appeal nunc pro tunc on October 12, 2010, and he obtained leave to seek nunc pro tunc certification on March 1, 2012.[7]

---

[6] Under New Jersey Court Rule 2:4-1(a), the time for filing a notice of appeal with the Appellate Division is forty five days, and a petition for certification must be filed with the Supreme Court of New Jersey within twenty days from the date of the Appellate Division's adverse ruling, see N.J. Ct. R. 2:12-3.

[7] As the Jenkins Court pointed out:

> [T]he nunc pro tunc title of [Petitioner's notice of PCR appeal was, de facto,] a misnomer; in reality, [Petitioner filed [nothing but] a motion to extend [his] time to file a [notice] of appeal . . . . [While

5

Thus, two periods not covered by statutory tolling occurred during his PCR process: (1) the period starting forty five days from March 12, 2010 (i.e., starting from the point when his time to appeal denial of PCR expired), until October 12, 2010 (i.e., when he was granted leave to appeal nunc pro tunc), that is, 207 days; and (2) the period starting twenty days from October 5, 2011 (i.e., starting from the point when his time to seek certification as to appellate affirmance expired), until March 1, 2012 (i.e., when he was granted leave to seek certification nunc pro tunc), that is, 147 days. Jointly, these two periods yield 354 days, i.e., a time span only eleven days short of the one year allowed by the AEDPA. However, being denied certification as to his PCR challenges Petitioner did not file his Petition at bar within eleven days. Rather, he waited, at the very least, until November 29, 2012, i.e., more than six and a half months. Hence, by the time his Petition was placed in the hands of his prison officials, it was time-barred by more than six months.

---

> the state court] frequently grants . . . motions to extend the time to . . . appeal, which it sometimes characterizes as . . . nunc pro tunc [motions, Petitioner's PCR appeal] was not properly filed [and, thus, had no statutory tolling effect until the time when the state court granted his nunc pro tunc motion and, in addition,] until he perfected it.

Jenkins, 705 F.3d at 87-88 and n.11; see also Webster v. Adm'r N.J. State Prison, 2013 U.S. App. LEXIS 25719, at *2 (3d Cir. N.J. Oct. 25, 2013).

The foregoing also underscores the inapplicability of equitable tolling to the case at bar. Petitioner was aware of the relevant deadlines and the one-year AEDPA period. He was still within his AEDPA period when he completed his PCR process. He could have filed his § 2254 Petition right at that point. Had he needed more time to reflect on his federal claims, he could have filed a "protective" petition, as suggested in Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005). Moreover, he could have coupled that option with the advantage ensuing from the holding of Mason v. Meyers, 208 F.3d 414 (2000) (allowing a § 2254 litigant an opportunity and time to withdraw a "protective" petition and file an all-inclusive application in its place).

> He elected to do nothing. . . . [H]aving his application for certification as to his . . . PCR . . . denied by the Supreme Court of New Jersey, he elected to sit on his rights for [more than six and a half] months . . . . [I]n light of Petitioner's blatant disregard for the consequences of his . . . laxness, this Court is constrained to deny him equitable tolling. . . . Finding otherwise would make a mockery of those litigants who did and do go through the very same state court process and yet meet their deadlines . . . to ensure . . . substantive federal habeas review.

Webster v. Ricci, 2013 U.S. Dist. LEXIS 88945, at *45-46 (D.N.J. June 25, 2013), aff'd, 2013 U.S. App. LEXIS 25719, at *1.

Correspondingly, the Court will dismiss the Petition as untimely. In conjunction with the foregoing, the Court is obligated to determine whether a certificate of appealability ("COA") shall issue. A COA shall issue "only if the applicant

7

has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find it debatable that this Court was correct in its finding that the Petition is untimely. Accordingly, no COA will issue.

An appropriate Order accompanies this Opinion.

                                            s/Renée Marie Bumb
                                            **RENÉE MARIE BUMB**
                                            **United States District Judge**

Dated: January 30, 2014